the words "street railway cars." *Frye v. Chicago, B. & Q. R. Co.,* 73 Ill. 399, 402; *Steere v. Brownell,* 124 Ill. 27; *Stewart v. Hamilton,* 66 Ill. 233; *Chudnovski v. Eckels,* 232 Ill. 312; *Culver v. Waters,* 248 Ill. 163.

By the decisions of this State, elevated railroads, such as the defendant in error, are not street railways. Elevated railroads are organized under the general railroad act, and have power to condemn property. A street railway cannot condemn land unless it alleges and proves that it is necessary to depart from the highway. *Harvey v. Aurora & G. Ry. Co.,* 186 Ill. 283. The distinction is pointed out in *Gillette v. Aurora Rys. Co.,* 228 Ill. 261, p. 273.

For the reasons indicated, we are of the opinion that the judgment of the Municipal Court of Chicago must be affirmed.

*Affirmed.*

MR. JUSTICE CLARK took no part in the decision of this case.

———————

The People of the State of Illinois for use of County of Cook and A. C. Wegner, Plaintiff in Error, v. Mutual Life Insurance Company of New York, Defendant in Error.

Gen. No. 18,710. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 4, 1913.

## Statement of the Case.

Action by the People of the State of Illinois for the use of the County of Cook and A. C. Wegner ex rel.

A. C. Wegner as informer, against the Mutual Life Insurance Company of New York, a corporation, to recover a penalty for the giving of rebates. From a verdict of not guilty, plaintiff brings error.

Frank H. Culver, for plaintiff in error.

Winston, Payne, Strawn & Shaw, for defendant in error; Edward W. Everett, of counsel.

Mr. Presiding Justice F. A. Smith delivered the opinion of the court.

### Abstract of the Decision.

1. Appeal and error, § 1410*—*when evidence will not be reviewed.* A judgment will not be reversed as against the preponderance of evidence unless it is manifestly against the weight of the evidence.

2. Appeal and error, § 1632*—*how improper remarks of counsel are cured.* Improper remarks of counsel will not reverse where the court sustains objections and strikes out the remarks and it does not appear that the remarks influenced the jury.

---

**Edson Keith & Company, Defendant in Error, v. Thomas F. Keevan and Mrs. Thomas F. Keevan, Plaintiffs in Error.**

### Gen. No. 18,746.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. James C. Martin, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed on remittitur. Opinion filed November 4, 1913.

### Statement of the Case.

Action by Edson Keith & Company, a corporation, against Thomas F. Keevan and Mrs. Thomas F. Kee-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.